IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DILLARD DERRICK RICHARDSON, #46612−177, | § § § | |
| Movant, | § § | Civil Action No. 3:24-CV-2677-D (No. 3:13-CR-275-D-1) |
| VS. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

MEMORANDUM OPINION
AND ORDER

Movant Dillard Derrick Richardson ("Richardson") moves *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies the motion as time-barred. *See* RULE 4(B) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

I

In 2013 Richardson pleaded guilty to one count of Transporting and Shipping Child Pornography. *See United States v. Richardson*, 3:13-CR-275-D. On November 21, 2014 the court sentenced him to 210 months' imprisonment, a life term of supervised release, and a $100 mandatory special assessment. Richardson's appeal was dismissed as frivolous on

October 22, 2015. *See United States v. Richardson*, 619 Fed. Appx. 414 (5th Cir. 2015) (per curiam).

On October 24, 2024 Richardson filed this Section 2255 motion. On December 13, 2024 he filed an amended motion using the prescribed form. In the motion, Richardson asserts that his counsel was ineffective in explaining the consequences of his plea, and he maintains that his sentence was erroneous and unreasonable.

Because Richardson's Section 2255 motion appeared to be untimely, the court directed him to respond regarding the application of the one-year limitations period no later than January 17, 2025. On January 17, 2025 Richardson responded. After reviewing all the pleadings and the applicable law, the court concludes that Richardson's motion is barred by the applicable limitations period and must be dismissed.

II

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Richardson does not allege any facts that could trigger a starting date under § 2255(f)(2) through (f)(4), and he appears to rely instead on § 2255(f)(1). Under that section, the limitations period begins to run when the judgment of conviction becomes final. A judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). Richardson's conviction became final on January 20, 2016, the last day on which he could have filed a petition for writ of certiorari from the October 22, 2015 dismissal of his direct

appeal, Sup. Ct. R. 13 (providing 90 days from entry of judgment or order to be reviewed to file writ of certiorari), so the statute of limitations for Richardson to file a Section 2255 motion expired January 20, 2017. The motion does not include a declaration or notarized statement to establish the date the filing was deposited in the mail system at his institution under the "mailbox rule," so it is deemed filed on October 22, 2024, which is the day it was postmarked. *See* RULE 3(D) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use institution's mail system). Because that date was years after the statute of limitations expired, Richardson's motion is time-barred absent equitable tolling.

III

Even when liberally construed, Richardson's filings, do not present due diligence and "rare and exceptional circumstances" that warrant equitable tolling. A movant "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original). Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. The principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (per curiam) (cleaned up).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 Fed. Appx. 856, 861 (5th Cir. 2010) (per curiam) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See, e.g.*, *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (explanations relating only to brief period of one-year statute of limitations period insufficient to support equitable tolling).

Richardson has failed to present any argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the court. His ignorance of the law or procedures does not entitle him to equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). He has simply failed to show that he exercised diligence throughout the limitations period.

Because Richardson has not met his burden to establish circumstances warranting

equitable tolling, his Section 2255 motion is time-barred.

IV

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If movant files a notice of appeal,

( )   movant may proceed *in forma pauperis* on appeal.

(**X**)   movant must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

\* \* \*

For the foregoing reasons, Richardson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); RULE 4(B) OF THE RULES GOVERNING SECTION 2255

- 5 -

PROCEEDINGS.

**SO ORDERED**.

August 26, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE